United States District Court
Southern District of Texas
**ENTERED**
September 17, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY LAYNE SMITH, #02260737, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-24-3407 |
| | § | |
| THE STATE OF TEXAS, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state prisoner proceeding *pro se* and without payment of the filing fee, filed a handwritten complaint under 42 U.S.C. § 1983 seeking his release from prison.

Having screened the complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e), the Court **DISMISSES** this lawsuit for the reasons shown below.

### I. BACKGROUND AND CLAIMS

Plaintiff was convicted of possession of a controlled substance (morphine) in Hill County, Texas, and was sentenced to a seven-and-one-half-year term of imprisonment in March 2019. The conviction was affirmed on appeal, and discretionary review was refused in April 2022. Online public records for the Texas Court of Criminal Appeals do not show that plaintiff has pursued state habeas relief through that court.

In his complaint, plaintiff refers to himself as "Agent Gary Smith" and states he is being illegally confined at the Holliday Unit in Huntsville, Texas. According to plaintiff, he is an Honorary Consul royally appointed to his position in January 2021 (during his

imprisonment) by King Derile Pentland II of the Kingdom Pictland. Plaintiff argues that the State of Texas "does not have legal jurisdiction over Consular Officials and I must be released as a matter of law." He contends that his imprisonment is illegal under section 1983 because it violates his due process rights and the Vienna Convention on Consular Relations. He further contends that prison officials are hiding him within the system because his location at the Holliday Unit is a "black site" and he is unable to contact King Pentland.

Plaintiff requests his immediate release from prison on an emergency basis because "my confinement poses significant unacceptable risk to United States national security."

## II. STANDARD OF REVIEW

Plaintiff's complaint is subject to screening under 28 U.S.C. §§ 1915(e) and 1915A, which requires a district court to scrutinize claims in a civil action brought by a prisoner and dismiss the complaint, in whole or in part, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). A reviewing court may dismiss a complaint for these reasons at any time on its own motion or on the motion of a party. *Id.*

A claim is frivolous if it lacks an arguable basis in law or fact. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are

clearly baseless." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quoting *Talib*, 138 F.3d at 213).

Pleadings filed by *pro se* litigants must be construed under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519 (1972). Under this standard, a court liberally construes a document filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the factual allegations pleaded by the litigant must state a viable claim for relief; liberal construction does not require the Court to create causes of action where there are none. *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

## III. ANALYSIS

### A. Section 1983

As his sole judicial relief, plaintiff asks the Court to order prison officials to release him from prison because he is entitled to post-conviction consular immunity and is being illegally confined. A release from custody is not available through a civil rights action. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (any claim attacking the validity or duration of confinement must be raised in a habeas corpus petition); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Consequently, plaintiff states no colorable claim for relief under section 1983, and his civil claims must be dismissed as frivolous and for failure to state a viable claim. 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

B.  Habeas Claims

A *pro se* prisoner's pleadings must be afforded a liberal construction. Although plaintiff's claims sound in habeas, the Court declines to recharacterize the instant civil complaint as a habeas petition, as plaintiff's habeas claims are unexhausted and would be subject to dismissal.

On August 12, 2024, plaintiff filed an original proceeding to modify his sentence in the Tenth Court of Appeals (Waco) for the State of Texas. *Ex Parte Gary Layne Smith*, No. 10-19-00134-CR (Tex. App. – Waco Aug. 22, 2024). His petition essentially reiterated the allegations made in the instant complaint – that he had been named an Honorary Consul in January 2021 by King Derile Pentland II of the Kingdom Pictland and was entitled to consular immunity. He claimed that "he ha[d] immediate obligations to meet for the United States that conflict with his original sentence, thus necessitating the request to vacate the trial court's judgment." *Id.* On August 22, 2024, the Waco Court of Appeals dismissed the proceeding, holding that plaintiff's petition was a post-conviction attack on an otherwise final felony judgment over which it had no jurisdiction. The court informed plaintiff that the Texas Court of Criminal Appeals "is the only court with jurisdiction in final post-conviction felony proceedings," indicating that plaintiff would need to seek relief in the Texas Court of Criminal Appeals. *Id.*

Despite that clear guidance, plaintiff did not seek post-conviction relief in the Texas Court of Criminal Appeals. Instead, he filed the instant section 1983 lawsuit seeking his

4

release from incarceration. To pursue federal habeas relief in federal court under section 2254, plaintiff must first exhaust his available state court remedies through the Texas Court of Criminal Appeals. *See* 28 U.S.C. §§ 2254(b), (c). This, he has not done, and construing plaintiff's complaint as a habeas petition at this juncture would be futile.

Plaintiff's claims seeking habeas relief are **DISMISSED WITHOUT PREJUDICE**.

### IV.  CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1. Plaintiff's claims brought under section 1983 are **DISMISSED WITHOUT PREJUDICE** as frivolous and for failure to state a claim for which relief can be granted under section 1983. 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

2. Plaintiff's claims seeking habeas relief are **DISMISSED WITHOUT PREJUDICE**. To the extent necessary, a certificate of appealability is **DENIED**.

3. Any and all pending motions are **DISMISSED AS MOOT**.

4. This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).

Signed at Houston, Texas, on this the 16th day of September, 2024.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE